CLAUDE FRAZIER, Respondent, v. JAMES DRAPER, Appellant.

Kansas City Court of Appeals, November 14, 1892.

1. **Municipal Corporations**: RESTRAINING ANIMALS: CONSTRUCTION OF ORDINANCE. An ordinance required animals to be restrained "on and after" May 1, and made it the duty of the marshal to impound

them if found at large within the corporate limits "after the above date." *Held*, it did not authorize the marshal to impound them on May 1.

2. **Damages:** MEASURE OF: LOSS OF HOGS. Where, by defendant's wrongful act, plaintiff entirely loses his hogs, the measure of damages is the value of the hogs.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Syd. B. Burks*, for appellant.

(1) An ordinance is constiued in the same way a statute is. Horr & Bemis' Municipal Police Ordinances, sec. 193, p. 171; *Durnelt v. St. Louis*, 76 Mo. 402. It must be construed in reference to the subject-matter, the objects that prompted and induced their enactment, and the mischief they were intended to remedy. *Nenan v. Smith*, 50 Mo. 525; *Spilter v. Young*, 63 Mo. 42; *State v. Develny*, 66 Mo. 375. A statute or ordinance should not be declared invalid, if, by any rules, its meaning can be ascertained and provisions effected. *Meyer v. Berlander*, 12 Am. St. Rep. 663; *Riggs v. Palmer*, 12 Am. St. Rep. 819; 1 Dillon, sec. 420. (2) The evidence of the plaintiff as to the damages in this cause did not justify the court to find the amount he did, as the whole evidence in the case was a matter of opinion, and did not show the facts; nor did it show that the damage was as great as the court found. *Pierce v. Lutesville*, 25 Mo. App. 317, and cases cited; *Reno v. Kingsbury*, 39 Mo. App. 240.

*John A. Rich* and *Leslie O'Rear*, for respondent.

GILL, J.—This is a replevin suit brought by plaintiff to recover three hogs. Defendant sought to justify

Frazier v. Draper.

his possession of the animals as marshal of the town of Slater, Missouri. The defense was, that on May 1, 1892, plaintiff permitted the hogs in question to run at large upon the streets, contrary to an ordinance prohibiting the same, and that defendant, as town marshal, and as he was authorized by said ordinance, took the hogs into custody on May 1, 1892, and placed them in the city pound. Plaintiff refused to pay the penalties and costs demanded by the marshal, and instituted this action. There was evidence tending to prove that the hogs were placed by the defendant in a pen where there were other hogs sick with cholera, and that by reason thereof plaintiff's hogs became deceased and died. The court tried the case without a jury, found for the plaintiff, and awarded him $10 damages. From this judgment defendant has appealed.

I. It is clear that defendant showed no authority for seizing these hogs, even though they were running at large as he claims. While the ordinance in question prohibited hogs on the streets of Slater "*on and after the first day of May, 1892*," yet the section of the same ordinance—and from which defendant, as town marshal, must derive his authority for their seizure—did not empower defendant to take up such animals until *after* said May 1, 1892.

The ordinance reads thus: "Sec. 2. It shall be the duty of the city marshal and his deputies to impound any and all live stock found running at large within the corporate limits of the said city of Slater *after the above date*." The "above date" as named in the ordinance is May 1, 1892. Hence, the marshal's authority to seize stock was not to begin until *after* May 1, 1892. Here he sought to exercise this authority *on* that date, and this he was not permitted to do.

In the absence of express authority the defendant was a mere trespasser. It is not in our power to

extend or modify the plain words of the ordinance. Its meaning is clear and unambiguous, and it is our province to enforce the same as it is written. It may have been the intention of the city's law-makers to give the people this one day as a "day of grace," and not to direct the town marshal to take up stock until May 2, although the animals were required to be kept under restraint "on and after" said first day of May.

The evidence fully justified the court's measure of damages. By defendant's wrongful act the hogs (as the testimony tended to prove) were entirely lost to the plaintiff. The value was shown to be $10, and, hence, $10 was the correct measure of damages. Judgment affirmed. All concur.